**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Crim. No. 19-CR-162 (JEB)** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM BROWN** | : | |
| | : | |
| **Defendant.** | : | |

### AMENDED GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Amended Memorandum in Aid of Sentencing. The government notes that it originally filed its first sentencing memorandum on the morning of November 1, 2019. In the original memorandum, the government requested that the Court sentence the defendant to 24 months of incarceration, to be followed by three years of supervised release, as to each count, and that the sentences and terms of supervised release for each count run concurrently. However, moments after filing the government's original memorandum, undersigned counsel spoke with defense counsel, and the parties agreed that the government's original sentencing request was not in accordance with the plea agreement in which the government agreed to cap its allocution to the low end of the sentencing guidelines. Therefore, the government now seeks to amend its request. In accordance with the plea agreement in this case, the government now requests that this Court sentence the defendant to 21 months of incarceration as to count one, to be followed by three years of supervised release, and 20 months of incarceration as to count two, to be followed by three years of supervised release. The government further requests that the sentences and terms of supervised release for each count run concurrently.  The government is not requesting any fines or restitution in this case other than

required court costs and assessments.  In support of this sentence, the government states the following.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2018, the defendant was charged by complaint with one count of unlawful distribution of PCP, and one count of unlawful possession with intent to distribute PCP, in D.C. Superior Court criminal case number 2018 CF2 017747. On February 13, 2019, a D.C. Superior Court grand jury returned a four-count indictment in that case, charging the defendant with one count of unlawful distribution of PCP; one count of unlawful possession of liquid PCP; one count of unlawful possession with intent to distribute PCP; and one count of unlawful possession of drug paraphernalia. A jury trial was subsequently scheduled in that case for July 22, 2019, and the defendant was released pending trial.

On May 15, 2019, a federal grand jury for the United States District Court for the District of Columbia returned a one-count indictment charging Defendant Williams with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1). On August 1, 2019, the defendant plead guilty to one count of Unlawful Possession of a Firearm and Ammunition, and one count of Unlawful Distribution of PCP, and a sentencing hearing was scheduled for November 5, 2019.

The charges in both cases stemmed from Defendant Williams's distribution of PCP on November 30, 2018, and subsequent possession of a firearm that was recovered during e a search warrant of his D.C. residence on March 13, 2019. The underlying facts supporting the guilty plea are as follows.

On or about November 30, 2018, at approximately 6:00 p.m., Metropolitan Police

Department (MPD) officers were patrolling the 300 block of 57th Street, Northeast in Washington, D.C. While there, officers observed the defendant approach a nearby retaining wall where he pulled an object from that area, and then manipulated several smaller items before replacing them. The defendant then approached another wall where he engaged in a similar behavior. Officers observed the defendant repeat this activity multiple times during their surveillance.

Officers then observed the defendant approach a Mercury sedan that pulled into the block and stopped in the middle of the street. The defendant approached and opened the front passenger side door, leaned into the vehicle and exchanged a small item with the driver. The defendant then walked back to one of the nearby retaining walls where he retrieved several small items, which were later determined to be vials of PCP that he then gave to the driver of the Mercury sedan. Officers stopped the driver of the Mercury sedan and he consented to a search of his person and car. During their search of the vehicle, officers recovered two small vials of PCP that had been given to the driver by the defendant. Officers then stopped the defendant and searched the areas near the retaining walls that the defendant had approached multiple times that day. From those areas, officers recovered several small vials of PCP and several empty vials. The defendant was then placed under arrest for, among other things, unlawful distribution of PCP. During a subsequent search of the defendant and his car, officers recovered a total of $220.00 in U.S. currency.

On February 22, 2019, members of MPD's 6th District Crime Suppression Team (CST) were conducting surveillance in front of 332 57th Street, NE following complaints of narcotics sales and usage at that residence. This address is listed as the defendant's residence on a Pretrial Services Agency (PSA) report dated December 1, 2018, and the PSA report generated for this case, and dated June 6, 2019.

Based on information obtained during CST's surveillance of the defendant's residence, officers executed a D.C. Superior Court emergency search warrant at the residence on March 13, 2019. Once the scene was secured, officers conducted a search of the premises finding, among other things, a Taurus .44 special revolver, serial number LC600817, loaded with five rounds of ammunition in the chambers. The firearm appeared to be fully functional, able to be fired using one hand, had barrel length of the less than 12 inches and designed to expel a projectile by means of an explosion. The firearm was found in a Rubbermaid container, which also contained several items of men's clothing, and was located in the sleeping quarters of the defendant. Mail matter was found in the same room on a chest of drawers that was addressed to the defendant at 332 57th Street, NE. Additionally, there were multiple awards of various nature, that had been awarded to the defendant, and were on display inside the room were the firearm was found.

The Department of Forensic Sciences (DFS) was called to the scene to process the firearm, and later concluded that one of the defendant's fingerprints was found on the firearm. Thereafter, a warrant was issued for the defendant's arrest, and the defendant was arrested on June 5, 2019 at his home – the same residence where the firearm had previously been recovered.

At the time that the defendant's revolver was found, he had been previously convicted of at least two crimes that are punishable by imprisonment for a term exceeding one year, namely, Attempted Possession with the Intent to Distribute PCP, in D.C. Superior Court, Case No. 2011 CF2 2232, and Attempted Possession with the Intent to Distribute Cocaine, in D.C. Superior Court, Case No. 1999 FEL 1183. The defendant knew that he was prohibited from possessing a firearm in light of these prior convictions. The firearm and ammunition possessed by the defendant had been shipped and transported in interstate commerce.

## DISCUSSION AND RECOMMENDATION

### I.   Generally Applicable Legal Principles

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).  See United States v. Gall, 128 S. Ct. 586, 596 (2007).  The listed factors in 18 U.S.C. § 3553(a) include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –
     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public from further crimes of the defendant; and
     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –
     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
          (i) issued by the Sentencing Commission ...; and
          (ii) that, . . . are in effect on the date the defendant is sentenced; ...

(5) any pertinent policy statement –
     (A) issued by the Sentencing Commission ... and
     (B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## II.   **Defendant's Sentencing Guidelines Calculation**

### A.   **Total Offense Level – Count 1 – Unlawful Possession of a Firearm –18 U.S.C. § 922(g)(1)**

The base offense level for a violation of 18 U.S.C. § 922(g)(1) is 14. *See* PSR ¶ 30.The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, due to the defendant's early acceptance of responsibility in this case. *See* PSR ¶ 37. Thus the defendant's total offense level is 12. *See* PSR ¶ 39.

### B.   **Criminal History Category and Sentencing Guideline Range**

#### a.   **Count 1 – Unlawful Possession of a Firearm –18 U.S.C. § 922(g)(1)**

As to count 1, the defendant's prior relevant convictions are calculated as follows:

GC17005346-00 (Arlington County, VA) – Identity Theft – 1 point

2011 CF2 2232 – Attempted Possession with the Intent to Distribute PCP – 2 points

CT072337X (PG County, MD) – Motor Vehicle Theft – 3 points

2017 CTF 2-765 – Driving While Under the Influence – 1 point

Total Criminal History Points: 7 points

Therefore, the Defendant is estimated to have 7 criminal history points which places him in Criminal History Category IV. *See* PSR ¶ 49. Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, the defendant's estimated Sentencing Guidelines range is 21 months to 27 months for count 1. *See* PSR ¶ 101.

#### b.   **Count 2 – Unlawful Distribution of PCP – 48 D.C. Code, Section 904.01(a)(1) (2001 ed.)**

Pursuant to the District of Columbia Sentencing and Criminal Code Revision Commission Voluntary Sentencing Guidelines Manual (hereinafter "D.C.  Voluntary Sentencing Guidelines"

or "DCVSG") Appendices B and C, the defendant has the following criminal history points in relation to count 2:

GC17005346-00 (Arlington County, VA) – Identity Theft – ¼ point

2011 CF2 2232 – Attempted Possession with the Intent to Distribute PCP – 1 point

CT072337X (PG County, MD) – Motor Vehicle Theft – 1 point

1999 FEL 1183 – Attempted Possession with the Intent to Distribute Cocaine – ½ point

4E00637550 – Failure to Pay Fare (PG County, MD) – ¼ point

2017 CTF 020765 – Driving Under the Influence – ¼ point

Total Points: 3 ¼

Therefore, the defendant is in Box C of the DCSVG Master Grid in Appendix B. The government agrees that according to Appendix B, Unlawful Distribution of PCP is in Group D2, resulting in an estimated DCSVG range of 20-42 months' imprisonment for count 2.

## III.  **Sentencing Recommendation**

As stated above, and in accordance with the plea agreement, the government requests that this Court sentence the defendant to 21 months of incarceration as to count one, to be followed by three years of supervised release, and 20 months of incarceration as to count two, to be followed by three years of supervised release. The government further requests that the sentences and terms of supervised release for each count run concurrently.

### A.    **The Nature of the Offense and History and Characteristics of the Defendant**

The defendant has a lengthy criminal history which dates back to 1993. Many of his prior convictions and arrests involve drug related offenses similar to the conduct that he plead guilty to in the instant matter. Nonetheless, it is clear that the defendant's conduct has gone undeterred. In fact, when the loaded firearm was recovered from the defendant's home on March 13, 2019, the

defendant had been pending trial, and was on pretrial release in D.C. Superior Court criminal case number 2018 CF2 17747. In that case, the defendant was charged with distribution of PCP, possession of liquid PCP, possession with intent to distribute PCP, and possession of drug paraphernalia. As a condition of his release in that case, and as a result of his several other prior felony convictions, the defendant was prohibited from possessing a firearm at that time – yet he chose to disregard all court orders and did so anyway. Thus, it is clear that not even a pending criminal case was a deterrent to the defendant, and this is extremely concerning to the government.

As to the conduct involved in count 2 of the Information, the defendant admitted to distributing PCP in front of his house in the middle of the day on November 30, 2019. Both prior to, and during that transaction, MPD officers observed the defendant repeatedly approach different areas near his house where he manipulated objects later identified as PCP or drug paraphernalia. Based on MPD's surveillance, it was clear that these items had been purposefully stashed in these locations, and that the defendant knew exactly what was stashed and where. It also seems clear that the individual who bought PCP from the defendant that day came there specifically intending to do just that which suggests that he had either done so before, or at least knew that the defendant was someone he could go to for PCP. This is concerning given the dangerousness of PCP itself, and the defendant's criminal record which includes numerous arrests for drug offenses. Moreover, despite his criminal record, the defendant continues to harm the public by selling dangerous drugs in the community.

To Defendant Williams's credit, he has sought to accept responsibility at an early juncture in this case which the government hopes is a sign that he is ready to move his life in a different direction, and leave this criminal lifestyle behind.  The government acknowledges that the U.S. Probation Office is recommending a variance in this case based on the PCP and drug paraphernalia

that were found during the search of the defendant's house on March 13, 2019 – the same date that the defendant's firearm was recovered. *See* PSR ¶ 136. The government further acknowledges that this information was included in the sworn affidavit submitted in support of the application for a buccal swab warrant for the defendant. Nonetheless, the government recommends the sentence stated above, which is in accordance with the plea agreement in this case. The government also concurs with the recommendations in the PSR regarding programs that the defendant should avail himself of while incarcerated.  *See* Draft PSR ¶¶ 120-121.

### C.    The Need for the Sentence Imposed

Given the defendant's early acceptance of responsibility in this case, the government believes that the following sentence is appropriate in this case: 21 months of incarceration as to count one, to be followed by three years of supervised release, and 20 months of incarceration as to count two, to be followed by three years of supervised release. The government further requests that the sentences and terms of supervised release for each count run concurrently.

Respectfully submitted,
JESSIE K. LIU
UNITED STATES ATTORNEY

By:

\_\_\_\_/s/_____
Nicole Battle
N.Y. Bar
Assistant United States Attorney
District of Columbia
Violent Crimes & Narcotics Trafficking Section
555 4th Street, NW
Washington, DC 20530
(202) 252- 6978
Nicole.Battle@usdoj.gov